IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARC KERNEY,                              )
                                          )
            Plaintiff,                    )
                                          )
       v.                                 )
                                          )
LVNV FUNDING, LLC,                        )
                                          )
            Defendant.                    )

# COMPLAINT

## INTRODUCTION

1.      Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendant LVNV Funding, LLC ("LVNV").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"); and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      The FCRA requires that furnishers of information such as LVNV accurately respond to disputes concerning "tradelines" received from credit bureaus.

4.      The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these

objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

5. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 15 U.S.C. §1681p (FCRA) and 28 U.S.C. §§1331, 1337 and 1367.

6. Venue and personal jurisdiction in this District are proper because defendant does or transacts business within this District.

## PARTIES

7. Plaintiff is a resident of Cook County, Illinois.

8. Defendant LVNV is a limited liability company organized under Delaware law that does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9. Defendant LVNV is engaged in the business of purchasing or claiming to purchase charged-off consumer debts and attempting to collect them.

10. Defendant LVNV stated on a Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

11. Defendant LVNV pays an average of less than 10 cents on the dollar for the charged-off debts it claims to purchase.

12. LVNV has been the plaintiff in thousands of collection lawsuits filed in Illinois courts, of which more than 1,000 have been filed or pending since January 1, 2008.

13. Defendant LVNV is a debt collector as defined in the FDCPA.

14. Since January 1, 2008, LVNV has also been a "collection agency" subject

to the ICAA.

15. The Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies".

16. Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

17. Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".

18. By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

### FACTS

19. Prior to February 1, 2009, defendant LVNV, represented by its attorney Brachfeld & Associates, was attempting to collect from plaintiff a defaulted credit card debt incurred for personal, family or household purposes and originally owed to Providian.

20. In February 2009, plaintiff settled the debt with LVNV, represented by Brachfeld & Associates, for $1500 and made the payment.

21. Plaintiff received the letter attached as Exhibit A, acknowledging that the debt was settled.

22. Notwithstanding the settlement, LVNV continued to attempt to collect the debt.

23. LVNV continued to report the debt on plaintiff's credit report as owed for the purpose of attempting to coerce payment. Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a credit card debt to a CRA is a "powerful tool designed, in part, to wrench compliance with payment terms from its cardholder"); Akalwadi v. Risk Management

Alternatives, Inc., 336 F.Supp.2d 492 n.4 (D. Md. 2004) ("The act of a debt collector reporting the status of a consumer debt to a credit reporting agency is an activity that would certainly appear to meet the statute's requirement that the false, deceptive, or misleading representation or means be "in connection with" the collection of a debt").

24. Plaintiff wrote to the credit bureaus, enclosing a copy of Exhibit A and requesting that the tradeline be corrected. Attached hereto as Exhibit B is plaintiff's letter to Trans Union. Plaintiff sent a similar dispute to Experian.

25. On information and belief, the credit bureaus communicated plaintiff's dispute to LVNV and asked for verification.

26. On information and belief, LVNV responded by reporting to the credit bureaus that plaintiff still owed the debt, in an amount $1500 less than previously. Defendant LVNV, instead of treating the debt as settled, credited $1500 to the amount owed and continuing attempting to collect the balance.

27. Attached as Exhibit C is correspondence plaintiff received from Experian in response to his dispute.

28. Attached as Exhibit D is correspondence plaintiff received from Trans Union in response to his dispute.

29. As a result of defendant's actions, plaintiff was damaged, in that his credit was injured, he was forced to devote time and energy to correct his credit, and he suffered aggravation and harassment.

## COUNT I – FDCPA

30. Plaintiff incorporates paragraphs 1-29.

31. Defendant violated 15 U.S.C. §§1692e, 1692e(2), 1692e(8) and 1692e(10) by continuing collection efforts through credit reporting after it settled the debt.

32. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of--**
>
> **(A) the character, amount, or legal status of any debt; . . .**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against defendant for:

    (1) Actual and statutory damages;

    (2) Attorney's fees, litigation expenses and costs;

    (3) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

33. Plaintiff incorporates paragraphs 1-29.

34. Defendant is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

35. Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

36. Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same".

37. By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own

5

account.

38. In addition, the 2007 amendments repealed the definition of "collection agency" contained in former §425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, <u>on behalf of himself or herself or others</u>, engages in debt collection." 225 ILCS 425/2 (emphasis added).

39. Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

40. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (13) Disclosing or threatening to disclose information adversely affecting a debtor's reputation for credit worthiness with knowledge the information is false. . . .**
>
> **(26) Misrepresenting the amount of the claim or debt alleged to be owed. . . .**
>
> **(31) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

41. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against defendant for:

      (1)    Actual and punitive damages;

      (2)    Costs;

      (3)    Such other and further relief as the Court deems proper.

### COUNT III – FCRA

42. Plaintiff incorporates paragraphs 1-29.

43. LVNV violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by falsely verifying that a debt was still owed when the credit bureaus contacted LVNV in response to plaintiff's complaints.

44. Section 1681s-2(b) provides:

> **(b) Duties of furnishers of information upon notice of dispute.**
>
> > **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
> >
> > > **(A) conduct an investigation with respect to the disputed information;**
> > >
> > > **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
> > >
> > > **(C) report the results of the investigation to the consumer reporting agency; and**
> > >
> > > **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**
> >
> > **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

45. LVNV committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against LVNV for:

   (1)  Appropriate actual, punitive and statutory damages;

   (2)  Attorney's fees, litigation expenses and costs of suit;

   (3)  Such other or further relief as the Court deems proper.

        s/Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24187\Pleading\Complaint_Pleading.WPD

# EXHIBIT A



Re: ▬▬▬▬▬ / Providian Financial Corp.
File: ▬▬▬

Principal: $2,955.71
Interest: $ 727.68
Costs:
Balance due: $3,683.39

Dear Marc Kerney,

This letter shall serve to confirm that we have received payment on 2/28/2009 in the amount of $1,500.00. This letter shall also serve to confirm that you are no longer obligated to further payment(s) pertaining to this debt.

Very truly yours,


Natasha Tryon
Manager of Operations
866/834-3556 ext 6045

Redacted

# EXHIBIT B

April 8, 2009

Transunion Consumer Solutions
P.O. Box 2000
Chester PA 19022-2000

Redacted

RE: Account Numbers 

FILE NUMBER 

I have enclosed a better copy of the receipt I received with the letterhead that had not printed out from my printer. I received these letters from the attorneys Brachfeld & Associates who are representing LVNV Funding. These letters confirm evidence that currently you are showing this account inaccurately on my credit report. You were also put on notice March 21, 2009 of this same error.

I think considering the evidence provided, 30 to 45 days to wait for results would be too long. I would request you look over the attached letters and correct this account immediately so I do not incur any further damages. According to the FCRA, Consumer Protection FCRA Part (A)(5)(B)(ii), CREDIT BUREAUS, if they refuse to correct information after being provided proof, are subject to extent of damages incurred by the wronged party, as deemed by the courts.

I am also disputing account ▓▓▓▓▓ I was not 30 days late in November of '07 or September or August.

I am also disputing account ▓▓▓▓▓ I was not 30 days late in March of '03.

Marc C. Kerney
▓▓▓▓▓▓▓▓

**THIS IS AN ATTEMPT TO ADVISE TRANSUNION THEY ARE IN VIOLATION OF THE FCRA. ANY RESPONSE OR LACK THEROF SHALL BE USED FOR THAT PURPOSE.**

# EXHIBIT C



**Experian**
A world of insight

Prepared for
MARC KERNEY

Report number
[REDACTED]

Report date
April 29, 2009

www.experian.com/disputes   Page 2 of 16

# Investigation results

## About our dispute verification process

This summary shows the revision(s) made to your credit file as a result of the verification we recently completed. If you still question an item, then you may want to contact the source of the information.

The federal Fair Credit Reporting Act states that you may:
- request a description of how we verified the information, including the business name and address contacted and the telephone number if reasonably available;
- add a statement disputing the accuracy or completeness of the information; and
- request that we send these results to organizations who have reviewed your credit report in the past two years for employment purposes or six months for any other purpose.

If no information follows, our response appeared on the previous page.

## How to read your results

**Deleted** - This item was removed from your credit report

**Remains** - This item has been verified as accurate

**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you.

**Reviewed** - This item was either updated or deleted; review this report to learn its outcome

## Items we investigated

We completed investigating the items you disputed with the sources of the information. Here are the results:

| Credit items | Outcome |
|---|---|
| LVNV FUNDING LLC [REDACTED] | *Updated* |

Visit experian.com/status to check the status of your pending disputes at any time

## What's your credit score?

**Find out by ordering your VantageScore[SM] from Experian for only $6.** To order your VantageScore, call 1 888 322 5583.

**Protect and manage your credit with Credit Manager,** www.creditexpert.com.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

REDACTED







**Experian**
A world of insight

Prepared for
MARC KERNEY

Report number

Report date
April 29, 2009

www.experian.com/disputes
Call 800 509 8495

Page 5 of 16

## Potentially negative items or items for further review continued

| LVNV FUNDING LLC | Date opened | Date of status | Type | Responsibility | Credit limit or original amount | Recent balance | Status: Collection account. $2,198 past due as of Apr 2009. |
|---|---|---|---|---|---|---|---|
| PO BOX 10497 | Apr 2004 | Apr 2009 | Installment | Individual | NA | $2,198 as of Apr 2009 | |
| GREENVILLE SC 29603 | Reported since | Last reported | Terms | | High balance | | Account history: |
| (866) 464-1183 | Apr 2009 | Apr 2009 | 1 Months | | $3,689 | | Collection as of Apr 2009 |
| *Partial account number* | | | Monthly payment | | | | This account is scheduled to continue on record until Sep 2010. |
| | | | NA | | | | Comment: *"Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)."* |
| Original creditor: PROVIDIAN FINANCIAL CORP | | | | | | | This item was verified and updated on Apr 2009. |
| | | | | | | | Address identification number: |

Redacted

Save a tree! Go green if you need to contact us again by visiting www.experian.com/consumer, or call us.




# EXHIBIT D

Consumer Credit Report for MARC C. KERNEY

File Number:
Page: 3 of 7
Date Issued: 04/02/2009

 TransUnion.

**LVNV FUNDING LLC**
PO BOX 10584
GREENVILLE, SC 29603
(866) 464-1183

Loan Type: FACTORING COMPANY ACCOUNT
Remarks: ACCT INFO DISPUTED BY CONSUMR
Estimated date that this item will be removed: 10/2010

Balance: $2,183
Date Updated: 03/2009
High Balance: $3,690
Collateral: 12 PROVIDIAN
Past Due: )$2,183(

Pay Status: )COLLECTION ACCOUNT(
Account Type: OPEN ACCOUNT
Responsibility: INDIVIDUAL ACCOUNT
Date Open: 04/2004

Redacted

To dispute online go to: http://transunion.com/disputeonline